UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC STEPHEN LEVITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:12-cv-00032-JAW |
| | ) |
| SONARDYNE, INC., | ) |
| | ) |
| and | ) |
| | ) |
| SONARDYNE INTERNATIONAL, LTD., | ) |
| | ) |
| Defendants. | ) |

**AMENDED[1] ORDER ON REQUEST FOR LEAVE TO AMEND**

In this Maine Whistleblowers' Protection Act and Maine Human Rights Act claim, the Defendants move to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Tucked away in Mr. Levitt's opposition to the motion to dismiss is the request that, "in the alternative," he be granted leave to amend his Complaint "to provide further specific details." Mr. Levitt has not, however, moved to amend his Complaint and has not presented the Court with any proposed amendment. Taking a dim view of this practice, the Court imposes an expedited schedule for the filing of any motion for leave to amend. If the Plaintiff moves for leave to amend, the Court may allow the parties to supplement their briefs on the motion to dismiss to address any new allegations; if the Plaintiff does

---

[1] This Amended Order corrects a typographical error contained in the Order on Request for Leave to Amend dated October 23, 2012 (ECF No. 30). On page 5 of the Order, second full paragraph, the Order reads "Plaintiff's <u>Compliant</u>" and should read "Plaintiff's <u>Complaint</u>".

not move to amend, the Court will decide the motion based on the current pleadings.

## I.   STATEMENT OF FACTS

### A.   Procedural History

On November 21, 2011, Eric Stephen Levitt filed a complaint in Maine Superior Court, Knox County, against Sonardyne, Inc. (Sonardyne), and Sonardyne International, Ltd. (Sonardyne International).  *Compl.* (ECF No. 2-2).  Sonardyne filed a notice of removal in this Court on January 27, 2012.  *Notice of Removal* (ECF No. 1).  Sonardyne and Sonardyne International answered the Complaint on February 6, 2012.  *Def. Sonardyne, Inc.'s Answer to Pl.'s Compl.* (ECF No. 9); *Def. Sonardyne International, Ltd.'s Answer to Pl.'s Compl.* (ECF No. 10).  Sonardyne International amended its answer on March 16, 2012.  *Def. Sonardyne International Ltd.'s First Am. Answer to Pl.'s Compl.* (ECF No. 21).  On March 19, 2012, the Defendants jointly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Defs.' Mot. to Dismiss* (ECF No. 22) (*Defs.' Mot.*).  Mr. Levitt responded on March 26, 2012.  *Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss* (ECF No. 24) (*Pl.'s Opp'n*).  The Defendants replied on April 4, 2012.  *Defs.' Reply in Support of Mot. to Dismiss* (ECF No. 25) (*Defs.' Reply*).

### B.   Eric Stephen Levitt's Request for Leave to Amend

At the bottom of the first page of his opposition to the Defendants' motion to dismiss, Mr. Levitt writes, "to the extent that the Court finds Plaintiff's allegations in the complaint to be less specific than required under Iqbal, Plaintiff requests

leave to amend his complaint to meet those requirements." *Pl.'s Opp'n* at 1. He ends his opposition by maintaining that Defendants' motion to dismiss should be denied but requests, "in the alternative," leave to amend his complaint "to provide further specific details." *Id.* at 6.

## II.  DISCUSSION

The Court is decidedly displeased with Mr. Levitt's ambiguous and contingent request for leave to amend. First, it is unclear whether Mr. Levitt is actually moving for leave to amend the Complaint or only suggesting that he might move for leave to amend the Complaint if he loses the motion to dismiss. He mentions the possibility only in passing.

If he is moving for leave to amend, he has failed to comply with the basic requirements for doing so. Requests to amend should be made by separate motion and should attach the proposed amended complaint so that the Court is able to evaluate the nature of the proposed amendment and its sufficiency. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006) (noting that "the normal procedure" for requesting leave to amend is for the proposed amendment or new pleading to be submitted with the motion); FED. R. CIV. P. 7(b)(1)(A) ("A request for a court order must be made by motion. The motion must be in writing unless made during a hearing or trial"); D. ME. LOC. R. 7(a) ("Every motion shall incorporate a memorandum of law, including citations and supporting authorities . . . [and] other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion"); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY

3

KANE, FEDERAL PRACTICE AND PROCEDURE § 1485, at 688 (3d ed. 2010) ("a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed"). In the First Circuit, "[t]he absence of supporting information may, in and of itself, be a sufficient reason for the denial of leave to amend." *Aponte-Torres*, 445 F.3d at 58.

In addition, the Plaintiff made his contingent request in the context of a motion to dismiss the existing Complaint. If the Plaintiff thought that an amendment could cure the alleged deficiencies, then when the Defendants moved to dismiss, the Plaintiff should have made a proper motion for leave to amend and spared the opposing party and the Court time and expense in dealing with an obsolete pleading. The Plaintiff's contingent request runs against the rule in the First Circuit that "Plaintiffs must exercise due diligence in amending their complaints." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006).

Instead, the Plaintiff decided to play his cards close to the vest and wait to see if his original Complaint would survive before moving for leave to amend it. If the Court ignored his request for leave to amend and dismissed the Complaint based on its current allegations, Mr. Levitt would no doubt quickly seek to amend the dismissed complaint and argue that the Court should grant him leave to do so because in his opposition to the motion to dismiss, he had told the Court that he was going to seek leave to amend. Furthermore, Mr. Levitt would likely point out that his request to amend the pleadings fell within the time period allowed for amendment of pleadings under the Scheduling Order, *Scheduling Order* at 2 (ECF

4

No. 11), and argue that Rule 15 contemplates that timely requests for leave to amend be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). Strategically, he would have obtained an advantage because, having seen the Court's reasoning, he could address whatever deficiencies the Court identified. The obvious problem with this gambit, however, is that it subjects the resolution of the Defendants' original motion to substantial and unnecessary delay and effort.

In *Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of United States, Inc.*, 233 F.3d 24 (1st Cir. 2000), the First Circuit addressed a similar situation. The plaintiff suggested "in opposing the motion to dismiss that it wished to amend if specifics were required," but never amended its complaint as of right and never formally asked the court for leave to amend. *Id.* at 30. The First Circuit concluded that the district court did not err by failing to invite the plaintiff to move to amend and in granting a dispositive motion against the plaintiff. *Id.*; *see also Wayne Invest., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 14-15 (1st Cir. 1984).

The First Circuit's view is echoed in other circuits. In *Garman v. Campbell County School District No. 1*, 630 F.3d 977 (10th Cir. 2010), the Tenth Circuit addressed a situation similar to the one here, where the plaintiff responded to a motion to dismiss by arguing against dismissal but also by stating, "Alternatively, if Plaintiff's Complaint does not sufficiently plead compliance with the jurisdictional requirements, this Court should allow the complaint to be amended and to have a retroactive effect in accordance with [Federal Rule of Civil Procedure] 15(c)." *Id.* at 982. The plaintiff did not, however, seek leave to amend. *Id.* After the district

5

court dismissed the complaint, the plaintiff complained that she should have been allowed to amend. *Id.* The Tenth Circuit rejected the plaintiff's contention: "[The plaintiff] did not file a written motion for leave to amend; instead, in her opposition to the motion to dismiss, she merely suggested she should be allowed to amend if the court concluded her pleadings were infirm. This is insufficient."*Id.* at 986; *see also Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) ("We agree with several of our sister circuits that a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)"); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 369-71 (10th Cir. 1989).

The Court views the Plaintiff's improperly-made request as a strategic device that has increased the time and effort required by this litigation, and the Court would be on solid ground in denying or simply ignoring the Plaintiff's request and ruling on the case as is. Nevertheless, the Court would rather rule on the merits of the Plaintiff's best case than decide the case on procedural grounds. The Court will impose an expedited schedule for the Plaintiff, if he chooses, to file a proper motion for leave to amend. The Court imposes the following conditions:

(1) The Plaintiff has seven days from the date of this Order to move for leave to amend his Complaint;

6

(2) If the Plaintiff does so move, the Plaintiff must attach to his motion a proposed amended complaint and the Plaintiff will bear the burden of establishing that his proposed amendments would not be futile;

(3) The Defendants shall have seven days to respond;

(4) The Plaintiff shall have three days to reply;

(5) If the Court grants the motion for leave to amend, it may request further briefing from the parties to address the new allegations; and

(6) If the Plaintiff does not move for leave to amend within seven days of the date of this Order, the Court will rule on the Defendants' pending motion to dismiss based on the original Complaint.

## III. CONCLUSION

The Court ORDERS the Plaintiff Eric Stephen Levitt to file any motion for leave to amend his Complaint within seven (7) days of the date of this Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2012